IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3179-M-RJ

| | | |
|---|---|---|
| ANTONIO MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHNSTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion to change his name on the docket [D.E. 4], which the court construes as a motion to amend.

To the extent plaintiff seeks to amend his complaint, the motion is summarily granted. See Fed. R. Civ. P. 15(a). The court takes the document into consideration in its initial review.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Here, plaintiff alleges defendants violated his constitutional rights by entering his home to arrest him, were deliberately indifferent to his serious medical needs and conditions of confinement, and failed to protect plaintiff from other inmates. (Compl. [D.E. 5] at 6–7). As relief, plaintiff seeks the following:

> I, Antonio Bey In Propria Persona, Sui Juris, as that the court honor this claim[,] as well as the claim filed in the state court, also have them release me. I have wrote them several times asking them to come speak to me. Right now I want to be released from here to go be with my family. [T]he people who trespassed against me[,] I hope we can figure things out I don't want anyone in trouble.

(Id. at 9).

2

The relief plaintiff seeks is not available in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("We hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Accordingly, the court will dismiss this action.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to change plaintiff's name [D.E. 4] is GRANTED. The court DISMISSES this action for failure to state a claim to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of March, 2025.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

3